| UNITED STATES DISTRICT COURT | C/M |
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------X
ROBERT ANTON WILLIAMS, JR.,

              Plaintiff,

      - against -

CHARLES HYNES, former Kings County
District Attorney, in his individual capacity,
ADA CONNIE SOLIMEO, in his individual
capacity, THE STATE OF NEW YORK, and
THE CITY OF NEW YORK,

             Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

15 Civ. 5480 (BMC)(LB)

**COGAN,** District Judge.

Plaintiff *pro se*, currently incarcerated at the Anna M. Kross Center on Rikers Island, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants alleging malicious prosecution. The Court grants plaintiff's request to proceed *in forma pauperis*. The complaint is dismissed.

## BACKGROUND

Plaintiff alleges that he "was maliciously prosecuted in the Supreme Court of the State of New York in the County of Kings Part 23 Indictment #15358/2010 by district attorney Charles Hynes and Assistant District Attorney Connie Solimeo for over 3 years." He further contends that "[t]he litigation began in April of 2010 and terminated in my favor in June of 2013." He seeks damages of $20,000,000. Plaintiff includes a copy of defendant Solimeo's Order to Produce plaintiff "for the Purpose of a SORA HEARING," and a letter dated June 13, 2013, from the State of New York, Division of Criminal Justice Services stating that plaintiff is no

longer registered as a sex offender. Previously, on November 18, 2014, plaintiff filed a civil rights action against different defendants arising from the requirement that he register as a sex offender. The Court granted defendants' motion to dismiss the action as time-barred. See Williams v. Whitbeck, No. 14 Civ. 6794 (BMC), slip op. (E.D.N.Y. Aug. 28, 2015).

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *or any portion of the complaint* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), 1915A(b)(1) (emphasis added); see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it: "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief

2

may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Eleventh Amendment

"[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Virginia Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 131 S.Ct. 1632, 1638 (2011). The Eleventh Amendment bars such a federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). It is well-established that New York has not consented to § 1983 suits in federal court, see Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d Cir. 1977), and that § 1983 was not intended to override a state's sovereign immunity, see Quern v. Jordan, 440 U.S. 332, 340-42 (1979). District courts may raise the issue of sovereign immunity "*sua sponte* because it affects . . . subject matter jurisdiction." Atlantic Healthcare Benefits Tr. v. Googins, 2 F.3d 1, 4 (2d Cir. 1993). Therefore, plaintiff's complaint seeking damages against the State of New York is dismissed pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B).

### B. Municipal Liability

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 563 U.S. 51,

3

131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011); Plair v. City of New York, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . ..").

Plaintiff brings a Monell claim and seeks to hold the City of New York responsible based on "their allowance support and execution of [the] prosecution." However, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom and that such policy caused him to sustain a constitutional deprivation. Therefore, plaintiff has not made the required showing to confer Monell liability on the City of New York and the complaint against the City is dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

## C. Malicious Prosecution

To prevail on a § 1983 claim for malicious prosecution, the plaintiff must show "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citations omitted). However, even if these factors are met, prosecutors enjoy absolute immunity from malicious prosecution claims as long as they are acting within the traditional prosecutorial function. See Bernard v. County of Suffolk, 356 F.3d 495, 504 (2d Cir. 2004).

Here, plaintiff alleges that the prosecution terminated in his favor and he relies on the letter from the Department of Criminal Justice Services dated June 13, 2013 to demonstrate that

4

fact. Whether or not this letter is sufficient to meet the criteria for a malicious prosecution claim is unclear. But what is clear is that Assistant District Attorney Connie Solimeo is entitled to prosecutorial immunity. Plaintiff alleges that defendant Solimeo is liable because she was "directly involved in executing this prosecution" and he includes the Order to Produce issued by defendant Solimeo directing that plaintiff be produced for a hearing. Defendant Solimeo's request to produce plaintiff in state court is within her prosecutorial function and she is therefore immune from suit. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Such immunity typically applies when an prosecutor acts as "an officer of the court." Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009); see also Ying Jing Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993).

Prosecutors are absolutely immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not administrative or investigative in nature, but instead are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. "A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Imbler, 424 U.S. at 431 n.34).

As to Charles Hynes, the former District Attorney for Kings County, although plaintiff alleges that he was "directly involved in executing this prosecution," plaintiff provides no allegations to show defendant Hynes' personal involvement. Instead, plaintiff appears to hold defendant Hynes liable based on his capacity as defendant Solimeo's supervisor. However, "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

5

Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. In any event, even if defendant Hynes had been personally involved in plaintiff's prosecution, he would be entitled to absolute prosecutorial immunity as set forth above.

Plaintiff provides no facts that either Solimeo or Hynes acted outside of their official prosecutorial duties. Therefore, the complaint is dismissed against these defendants pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, the action, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

                                                          U.S.D.J.

Dated:   Brooklyn, New York
            October 8, 2015